NO. 07-09-0076-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 24, 2009

_____

TERRILL E. CRUZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 2719; HONORABLE STUART MESSER, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Terrill E. Cruz, was convicted by a jury of aggravated assault with a deadly weapon. Punishment was assessed at twenty years confinement and a fine of $10,000. When the clerk's record was filed, it came to the Court's attention that it did not contain a *Trial Court's Certification of Defendant's Right of*

*Appeal* as required by Rule 25.2(a)(2) and (d) of the Texas Rules of Appellate Procedure. By letter dated February 27, 2009, the trial court and the trial court clerk were notified of the defect and given thirty days to correct the deficiency. In response, a supplemental clerk's record was filed containing the certification. However, the certification is not signed by defendant as required by Rule 25.2(d).[1]

Consequently, we abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a proper *Trial Court's Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d). Once properly completed and executed, the certification shall be included in a supplemental clerk's record. *See* Tex. R. App. P. 34.5(c)(2). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court by April 23, 2009. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal. *See* Tex. R. App. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.

---

[1]As of September 1, 2007, a defendant must sign and receive a copy of the certification.

2